# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JEFFREY ROSSELL and
MAUREEN A. ROSSELL,

    Plaintiffs,

v.

HSBC NORTH AMERICA HOLDINGS,
INC.; HSBC FINANCE
CORPORATION; HSBC MORTGAGE
CORPORATION (USA); HSBC
MORTGAGE SERVICES, INC.; HSBC
USA INC.; and HSBC BANK USA,

    Defendants.

No. 2:16-CV-76

## ORDER

Before the Court is Defendants HSBC North America Holdings, Inc., HSBC Finance Corporation, HSBC Mortgage Corporation (USA), HSBC Mortgage Services, Inc., HSBC USA Inc., and HSBC Bank USA, N.A.'s Motion to Dismiss and, in the Alternative, Motion for More Definite Statement, dkt. no. 4. For the reasons herein, the Motion to Dismiss is **DENIED**, but the Motion for More Definite Statement is **GRANTED**.

## FACTUAL BACKGROUND

Jeffrey and Maureen A. Rossell filed a pro se lawsuit against Defendants in Georgia superior court on April 26,

2016. Dkt. No. 1-1. The Rossells sent their complaint and a summons by certified mail to "Legal Group, HSBC Mortgage Service, Inc" at the instruction of a superior court clerk. Dkt. Nos. 7 at 1, 7-1.

Their complaint named six HSBC entities as defendants. Dkt. No. 1-1 at 4. Its factual statement alleged wrongdoing by HSBC North America Holdings, Inc., id. ¶ 3; "Defendants," id. ¶¶ 8, 17; and "Lender," id. ¶¶ 13-16, 18. "Defendants" and "Lender" were not defined in the complaint. The complaint contained six counts, against:

(1) Lender and Defendants, for fraud, deceit, and negligent misrepresentation, id. ¶¶ 19-26;

(2) Lender and Defendants, for negligence, id. ¶¶ 27-31;

(3) Lender, for violations of "state and federal law, including but not limited to . . . RESPA[,] . . . Georgia Civil Code Section 13-8-15," and HAMP, id. ¶¶ 32-37;

(4) Lender, for an injunction and declaratory judgment, id. ¶¶ 38-43;

(5) Lender, for reformation of contract, id. ¶¶ 44-52; and

(6) Lender and "Does," for breach of implied covenant of good faith and fair dealing. Id. ¶¶ 53-58.

Defendants removed the case to the Court on May 26, 2016. Dkt. No. 1. On June 2, 2016, Defendants moved for dismissal

2

of the case for failure to serve process, or, alternatively, for more definite statement. Dkt. No. 4. The Rossells responded to the motion to dismiss, dkt. no. 7, and Defendants replied. Dkt. No. 9. The motions are now ripe for resolution.

The Court will not dismiss the case, but will instead order the Rossells to properly serve process within 14 days. The Court will grant Defendants' motion for more definite statement.

**LEGAL STANDARDS**

"After removal, the sufficiency of service of process is determined according to federal law." Rentz v. Swift Transp. Co., 185 F.R.D. 693, 696 (M.D. Ga. 1998). "Thus, any defects in service may be cured under [Federal] Rule [of Civil Procedure] 4." Id. Rule 4 "must be construed leniently with regard to pro se litigants." Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994).

A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 164 (1984) (Stevens, J., dissenting) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "A party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R.

3

Civ. P. 12(e). "The basis for granting a Rule 12(e) motion is unintelligibility. Courts generally disfavor motions for a more definite statement." Stephens v. United States, No. CV407-194, 2008 WL 1733668, at *1 (S.D. Ga. Apr. 14, 2008) (internal citation omitted). "[W]hile pro se litigants are bound by the same rules of procedure and practice applicable to all litigants, the courts afford great lenience to complaints drafted by individuals who are unable to obtain the services of legal counsel." Id.

**DISCUSSION**

I. THE ROSSELLS HAVE 14 DAYS TO PROPERLY SERVE PROCESS.

The Rossells failed to properly serve process upon Defendants. Mailing a complaint and summons to Defendants' supposed attorneys did not comply with O.C.G.A. § 9-11-4. Now that this case has been removed to federal court, the Rossells need to serve process on Defendants in a way that complies with Federal Rule of Civil Procedure 4.

However, the Rossells' case will not be dismissed. Rule 4(m) requires the Court to "extend the time for service for an appropriate period" if the Rossells have good cause for improperly serving process. The Rossells followed faulty instruction given to them by a superior court clerk. Dkt. No. 7 at 1. This is good cause. Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (identifying

4

"reliance on faulty advice" as good cause (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam))). Therefore, the Court **DENIES** Defendants' motion to dismiss and **EXTENDS** the Rossells' time for service for **14 days from the issuance of this Order.**

II. DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT IS GRANTED.

Defendants move for more definite statement. Dkt. No. 4 at 3. This motion is **GRANTED.**[1] A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cty. Welcome Ctr., 466 U.S. at 164 (Stevens, J., dissenting) (quoting Conley, 355 U.S. at 47). Three elements of a proper complaint are missing from the Rossells':

(1) Claims have to specify the defendant to which they relate. See Singleton v. Berglin, No. CV610-097, 2011 WL 2457526, at *2 (S.D. Ga. May 10, 2011), adopted, 2011 WL 2441916 (S.D. Ga. June 16, 2011) ("Plaintiff fails to explain which Defendants acted negligently or with deliberate

---

[1] The Court does not, however, accept Defendants' characterization of the Rossell's complaint as a "shotgun" pleading. Id. at 3-4. The complaint does not "contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). It gives facts particular to each count.

5

indifference, violated his constitutional rights, or violated the Freedom of Information Act. Defendants should not be required to guess how they allegedly violated Plaintiffs rights."). The Rossells' complaint alleges counts against "Lender," "Defendants," and "Does," none of whom are identified.

(2) Each claim has to specify a single "source of law and/or legal theory upon which [the plaintiffs] assert[] liability." Gibbons v. McBride, No. CV 114-056, 2014 WL 5460593, at *4 (S.D. Ga. Oct. 27, 2014). Two of the Rossells' counts allege multiple causes of action. Dkt. No. 1-1 at 7 (alleging fraud, deceit, and negligent misrepresentation), 9 (alleging violations of RESPA, HAMP, and O.C.G.A. § 13-8-15).

(3) Enough facts have to be clearly and consistently pled to put Defendants on notice of the grounds of each claim. See Baldwin Cty. Welcome Ctr., 466 U.S. at 164 (Stevens, J., dissenting) (quoting Conley, 355 U.S. at 47). The Rossells' complaint twice falls short of pleading facts adequately[2]:

---

[2] Defendants' three other gripes about the complaint's facts are unconvincing. The Court rejects Defendants' argument that the complaint is contradictory as to the foreseeability of the Rossells' default; read liberally, as a pro se complaint must be, the complaint pleads that the default was foreseen to Defendants, but not the Rossells. Dkt. Nos. 4 at 6, 1-1 at 6-7; Stephens v. United States, No. CV407-194, 2008 WL 1733668, at *1 (S.D. Ga. Apr. 14, 2008) (noting that pro se pleadings are read liberally).

(a) The complaint alleges both that "Plaintiffs' attempts to modify their mortgage with Lender were thwarted by Lender's refusal to have any meaningful modification discussion with Plaintiffs," dkt. no. 1-1 at 11, and that "Lender approved a loan modification sometime in 2014 for Plaintiffs." Id. at 12.

(b) Facts regarding the Rossells' initial negotiations with Defendants, and Defendants' issuance of a loan to the Rossells, underpin several counts, see id. at 7-8, 10, 12-13, but are not pled.

The Rossells need to remedy these failures. The Court thus **GRANTS** Defendants' motion for more definite statement and gives the Rossells **14 days from the issuance of this Order** to submit a recast complaint.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss is **DENIED**. The Rossells have **14 days from the issuance of this**

---

The Court sees no contradiction in the complaint's pleading that the Rossells began suffering medical and financial difficulties in 2007 but only sent a hardship letter to Defendants in 2015. Dkt. No. 1-1 at 5-6.

The Court does not see a contradiction so much as a lack of chronological order in the Rossells pleading that they went through a fraudulent loan modification process in 2014 two paragraphs after pleading the 2015 letter. Id. at 6, 12.

Of course, the Rossells should clarify these and any other points in their recast complaint. Defendants will be free to attack the sensibility, consistency, and credibility of the Rossells' pleadings throughout these proceedings.

7

**Order** to (1) properly serve process on defendants and (2) submit a recast complaint free of the defects identified above. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Rossells at the address listed for them in the docket.

**SO ORDERED**, this 28th day of November, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA